IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Case No. 2:22-cr-00480-AMM-SGC |
| | ) |
| CALVIN DAJUAN HALL | ) |

## GOVERNMENT'S SENTENCING MEMORANDUM

COMES NOW the United States of America, by and through United States Attorney Prim Escalona and Assistant United States Attorney Kristy M. Peoples and submits this sentencing memorandum for the Court's consideration in determining an appropriate sentence for Defendant Calvin Dajuan Hall. The United States is recommending that this Court sentence Hall to 24 months incarceration on Count One and a consecutive 60 months incarceration on Count Three.

## FACTS

On July 29, 2022, Vestavia Hills Police Officer Barnes conducted a traffic stop on the driver of a 2013 Nissan Altima near Lorna Road and Wisteria Drive for heavily tinted windows. Prior to the stop, Officer Barnes ran the tag on the vehicle and learned that the registered owner had outstanding warrants with Homewood Police Department. The driver, Calvin Dajuan Hall, stopped the vehicle in the McDonald's parking lot on Montgomery Highway in Hoover. The owner of the vehicle was a female, and she was the only passenger. Officer Barnes tested the front

driver side window tint with his Enforcer II Tint Meter. The tint was only 7%. Officer Barnes explained to Hall that the legal limit in Alabama was 32%. Officer Barnes also smelled marijuana coming from the vehicle.

With the marijuana odor providing probable cause, Officer Barnes asked Hall and the passenger to exit the vehicle for him to search it. Officer Barnes found multiple firearms in the floorboard area where Hall's feet were, including a Glock 9x19 caliber pistol that had a large drum magazine attached to it bearing a gold "Jumpman" sticker. The pistol had one round in the chamber and was loaded with 54 rounds of ammunition. The Glock 9x19 caliber pistol had been reported stolen out of Birmingham Police Department on December 27, 2021. While looking at the firearm, Officer Barnes noticed that the firearm slide had been modified with a small piece of metal.

Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) Special Agent (SA) Baker field tested the Glock 9x19 caliber pistol and it field tested as a machinegun. The modification observed by Officer Barnes is a Glock conversion device. The firearm had a permanently installed sear leg soldered or welded to the bottom of the slide. The ATF Firearm Lab confirmed that the modification made the firearm a machinegun.

Officer Barnes continued the search of the vehicle and found a second firearm in the floorboard. Officer Barnes first saw a large extended magazine that was attached to the firearm sticking out from under the driver seat. The second firearm was also a Glock 9x19 caliber pistol and loaded with 30 rounds of ammunition. It had not been reported stolen and had not been modified. Officer Barnes found a third firearm in the passenger's purse. It was a Glock .40 caliber pistol, which was not stolen or modified.

Officer Barnes then found a black backpack in the passenger floorboard. Inside the backpack was three bags of marijuana, multiple clear baggies, a digital scale and baggies emblazoned with characters from the cartoon "Rick and Morty." There was a cannabis flower printed in the small text on the bottom right corner of the baggies. In the bottom left corner of the baggies, there was an outline of a triangle with a marijuana leaf and an exclamation point inside of it with the letters "CA" under the triangle. There was also marijuana and a box of 50 rounds of .223 caliber Fiocchi ammunition in the bag.

Officers put handcuffs on both Hall and the passenger and put them in separate patrol vehicles. When Officer Barnes was placing Hall into the patrol vehicle, Hall spontaneously stated, "That aint got nothing to do with her." The passenger also spontaneously stated, "That's his stuff, why am I going?" The passenger stated

3

multiple times that the items belonged to Hall and not her. Officers arrested Hall for Unlawful Possession of Marijuana, First Degree and Receiving Stolen Property, Second Degree, and arrested the passenger for Carrying a Concealed Weapon Without a Permit.

Officers interviewed Hall. Hall told officers that he was going to smoke all of the marijuana that he had. He stated that he purchases marijuana from the internet off of the Telegram app. Hall paid $1800-$2000 for the marijuana that the officers found and claimed that was the largest amount he had ever bought. Hall claimed that he bought the Glock 9x19 caliber pistol that had the conversion device from someone outside of a gun show at the Hoover Met. He told officers that he paid $1300 or $1400 for it. Hall stated that a guy approached him when he was leaving the gun show and showed him a video of how the firearm shot fast. He told officers that with one trigger pull, two rounds were fired. Hall continued to tell the officers that it shot fast and had a fast trigger. Hall claimed that he had never fired the firearm, but that the guy he bought it from showed him a video of how it shot. The guy he bought the firearm from told him it was legal, and Hall claimed he thought it was legal. ATF SA Justin Cardwell played a video of a firearm shooting automatically and Hall told officers that's what the video sounded like from the guy he bought the firearm from. Hall also said, "I've never seen a machinegun shoot like that." (Mr. Hall denies that

he said he'd never seen a machinegun shoot like that and states that the police misheard him.)

ATF agents searched Hall's various social media pages and rap videos. In one of the rap videos titled, "SMG Li CJ – Ridin (Official Video)," the Glock 9x19 caliber pistol that had the conversion device and was found in this case is shown in the video. Agents know it is the same firearm because you can see the serial number in the video. When the pistol is shown in the rap video, Hall says the words, "that's a switch on the Glock, got that boy running fast." There are also other rap videos where Hall refers to Glocks with switches as shooting fast and firing fully automatic. Hall has a tattoo on his chest of "448," which law enforcement's investigation has revealed to be a local gang in the Birmingham area.

Officers asked for consent to search Hall's cellphone. Hall signed a consent form but would only provide five digits to his six-digit passcode, so officers sought a search warrant for the phone. In the cellphone extraction of Hall's phone, there were several photographs of firearms containing machinegun conversion devices, along with a photograph of a machinegun conversion device that was not attached to a firearm. There were multiple photographs of a Glock pistol with a sear leg attached to the backplate comparable to the one found on Hall in this case. There

were also photographs of various individuals in possession of what appeared to be Glock pistols with machinegun conversion devices, or "switches."

In one of the photographs of a firearm on Hall's phone, ATF SA Justin Cardwell was able to see the serial number. He traced the firearm and learned that the firearm had been recovered during the arrest of an attempted murder suspect who was a juvenile. The firearm had been modified with a machinegun conversion device.

There were multiple photographs of narcotics on Hall's phone. There were photographs of marijuana being weighed on digital scales.

The DEA lab tested the recovered substance and confirmed that one package was 453 grams of marijuana and one package was 323 grams of marijuana.

## GOVERNMENT'S REQUESTED SENTENCE

Hall entered a plea of guilty to Count One and Count Three of the Indictment in this case charging him with violating Title 18 United States Code, Section 922(o) for Count One and Title 18 United States Code, Section 924(c) for Count Three. Hall entered into a plea agreement with the Government and the sentencing recommendation in the written plea agreement is that Hall be sentenced to a term consistent with the low end of the sentencing guideline range. The Government agrees with the guideline range set forth in the Presentence Investigation Report

(PSR) as being 24 months to 30 months for Possession of a Machinegun, followed by a 60-month consecutive sentence for Possession of a Firearm During a Drug Trafficking Crime. The Court may impose a term of supervised release for not more than three years for Count One and not more than five years for Count Three.

In this case, Hall had a firearm that had been modified with a Glock switch making it a machinegun by allowing it to fire automatically. Even further, the firearm had been reported stolen and was loaded with 54 rounds of ammunition. Along with the firearm, Hall possessed over 700 grams of marijuana, and packaging materials to sell marijuana, including digital scales and multiple baggies. Hall admitted to purchasing quantities of marijuana for $1800-$2000 from the internet. Hall also has a tattoo that reads "448". Law enforcement is familiar with "448" being a local Birmingham gang.

The Government does acknowledge and applaud Hall's lack of criminal history. The Government similarly applauds Hall's work ethic and ability to work multiple jobs while on bond. Hall has been on bond since his arrest for this case in February 2023. Hall has followed bond terms and conditions for the most part. Hall did fail a drug test for fentanyl in July 2023. After a bond hearing where Hall admitted the fentanyl came from taking a pill for back pain and where he stipulated

to the bond violation, the Court allowed Hall to remain on bond. The Government is unaware of any other violations committed by Hall while he has been on bond.

While the Government recognizes Hall's positive progress on bond and with his employment, the Government cannot ignore the fact that Hall was armed with a machinegun that was loaded with 54 rounds of ammunition while possessing marijuana that was packaged and/or readily packaged to sell. Hall filed a sentencing memorandum (Doc. 25) requesting that this Court vary downward to a sentence of 12 months for Count One followed by a sentence of 60 months for Count Three. The Government cannot agree to a downward variance in this case. Wherefore, the Government recommends Hall be sentenced to 24 months on Count One, followed by a term of 60 months for Count Three.

The Government has no objection to this Court imposing a sentence to run concurrent with the related offense in Jefferson County District Court, case number DC 22-6517. A total sentence of 84 months is appropriate considering the sentencing

factors set forth in 18 U.S.C. § 3553(a).

                                          Respectfully submitted,

                                          PRIM F. ESCALONA
                                          United States Attorney

                                          */s/ Electronic Signature*
                                          KRISTY M. PEOPLES
                                          Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that, on August 28, 2023, I filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to defense counsel.

>*/s/ Electronic Signature*
>KRISTY M. PEOPLES
>Assistant United States Attorney

ADDRESS OF COUNSEL:
United States Attorney's Office
1801 Fourth Avenue North
Birmingham, AL 35203
Telephone:  (205) 244-2001
Email:         Kristy.Peoples@usdoj.gov